108 F.3d 1373
 9 NDLR P 226
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Duane C. RAWLINGS, Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 96-2492.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 13, 1997.
Decided March 21, 1997.
 
 James J. Nolan, Jr., PIERSON, PIERSON & NOLAN, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Charles J. Peters, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Before HALL, ERVIN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Duane C. Rawlings appeals from the district court's orders granting summary judgment to Defendant in Rawlings' suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101-12213 (West 1995) and the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-797b (West Supp.1996) and denying Rawlings' motion for reconsideration. Rawlings asserts that his employer breached its duty to reasonably accommodate a disabled employee. We affirm the judgment of the district court.
 
 
 2
 Rawlings was employed as a Parcel Post Distributor for the United States Postal Service from 1985 until 1994. The last day that Rawlings actually performed any work for the agency was in August 1992. Due to a work related injury in December 1988, Rawlings was granted a one year leave of absence from September 1, 1992 until September 1, 1993. However, Rawlings did not return to work on September 2 or any date thereafter nor did he communicate with any of his supervisors at the Postal Service after September 1. He was terminated on January 18, 1994.
 
 
 3
 Rawlings asserts that he spoke with his union representative prior to September 1, and was told that the Postal Service had agreed that he did not have to come back to work pending a decision on his application for disability retirement. On October 2, 1993, Rawlings received an "Absence Inquiry," instructing him to return to work or submit documentation to substantiate the reasons for his continued absence. Thereafter, Rawlings again spoke with his union representative and was told that the Postal Service was not going to wait for his disability retirement decision.
 
 
 4
 Thereafter, Rawlings received a "Notice of Proposed Removal." Although he claims that he spoke again with his union representative and provided him with reports from his therapist and from his orthopedist, it is undisputed that Rawlings did not personally contact the Postal Service and did not provide any of his supervisors with the alleged documentation. Moreover, the union representative states that he did not communicate with the Postal Service after the "Notice of Proposed Removal," and the Postal Service asserts that no documentation was received. Rawlings was then terminated.
 
 
 5
 The ADA provides: "The term 'qualified individual with a disability' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8). Employers, therefore, are only required to impose those modifications that qualify as "reasonable." See Myers v. Hose, 50 F.3d 278, 283 (4th Cir.1995). Here, Rawlings asserts that the Postal Service was required to grant him a period of time in which to process his disability retirement. He sets no limit on how long this might take. Reasonable accommodation does not require an employer to wait indefinitely while an employee attempts to improve his status. See id.
 
 
 6
 Accordingly, the orders of the district court are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED